David Sergi (State Bar No. 18036000)
david@sergilaw.com
SERGI & ASSOCIATES, P.C.
329 South Guadalupe Street
San Marcos, TX 78666
Phone:       512-392-5010
Facsimile:   512-392-5042

Attorneys for Defendant One Jet, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

| | |
|---|---|
| TRACY GRIFFITH CONSULTING LLC d/b/a ASCENDIUM GROUP, | Case No.  3:16-cv-03044-C |
| PLAINTIFF, | **DEFENDANT ONE JET, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL AND COUNTERCLAIM** |
| v. | |
| ONE JET, INC. f/k/a PRIMAIR, INC., | |
| DEFENDANT. | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant and counterclaimant ONE JET, Inc. f/k/a PRIMAIR, INC. (hereinafter "One Jet" or "Defendant"), through its counsel, answers the Original Petition, Suit on Sworn Account, and Requests for Disclosure (the "Petition") of Plaintiff TRACY GRIFFITH CONSULTING LLC d/b/a ASCENDIUM GROUP (hereinafter "Ascendium" or "Plaintiff"), as set forth below, and hereby brings a counterclaim against Ascendium.  Unless specifically admitted, Defendant denies each of the allegations of Plaintiff's Petition.

## I.  ANSWER

## DISCOVERY PLAN AND CLAIM FOR RELIEF

1.       In answer to paragraph 1, Defendant admits that Plaintiff seeks a discovery plan pursuant to pursuant to Texas Rule of Civil Procedure 190.3, but alleges that the rule is not

1

applicable as this action was removed to the U.S. District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1441(b), on October 31, 2016.  Defendant denies any liability with respect to Plaintiff's claim for monetary relief.

## PARTIES

2.      In answer to paragraph 2, Defendant admits the allegations therein.

3.      In answer to paragraph 3, Defendant admits the allegations therein.

## JURISDICTION

4.      In answer to paragraph 4, Defendant admits that Plaintiff seeks damages within the jurisdictional limits of the 101st Judicial District of Dallas County, Texas, but alleges that the U.S. District Court for the Northern District of Texas has jurisdiction over the parties and subject matter of the controversy under 28 U.S.C. § 1441(b) (diversity) and Defendant filed a Notice of Removal on October 31, 2016, accordingly.   Defendant denies committing any wrongful acts within this District or otherwise.

## VENUE

5.      In answer to paragraph 5, Defendant admits that Plaintiff seeks damages within Dallas County, Texas, but alleges that the U.S. District Court for the Northern District of Texas, Dallas Division, is the proper venue under 28 U.S.C. §§ 1441(a) and 1441(b), and Defendant filed a Notice of Removal on October 31, 2016, accordingly.   Defendant denies committing any wrongful acts within this District or otherwise.

## BACKGROUND FACTS

6.      In answer to paragraph 6, Defendant admits the allegations therein.

7.      In answer to paragraph 7, Defendant admits the allegations therein.

8.      In answer to paragraph 8, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 8 since no copy of the contract was attached to Plaintiff's Petition, and therefore denies the same.

9.      In answer to paragraph 9, Defendant denies each and every allegation therein.

10.     In answer to paragraph 10, Defendant denies each and every allegation therein.

11.     In answer to paragraph 11, Defendant denies each and every allegation therein.

12.     In answer to paragraph 12, Defendant denies each and every allegation therein.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

13.     In answer to paragraph 13, incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

14.     In answer to paragraph 14, Defendant admits that an agreement was made between Plaintiff and Defendant but denies that it breached or committed any wrongful acts related to the agreement, and Defendant incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

15.     In answer to paragraph 15, Defendant denies each and every allegation therein.

## SECOND CAUSE OF ACTION
### (Quantum Meruit)

16.     In answer to paragraph 16, Defendant incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

17.     In answer to paragraph 17, Defendant denies each and every allegation therein.

## THIRD CAUSE OF ACTION
### (Suit on a Sworn Account)

18.     In answer to paragraph 18, Defendant incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

19.     In answer to paragraph 19, Defendant specifically denies each and every allegation therein.

20.     In answer to paragraph 20, Defendant specifically denies each and every allegation therein.

The allegations contained in paragraphs 18-20 alleging a sworn account are specifically denied as the alleged debt is not just, true or due.  Nor have all lawful off-sets been accounted for.  Defendant specifically denies that the Plaintiff furnished services of the quality and type it represented.  Defendant specifically denies that the amount of the account is due to Plaintiff as

alleged and further denies that all just and lawful offsets, payments, and credits have been allowed.

### CONDITIONS PRECEDENT

21.     In answer to paragraph 21, Defendant denies each and every allegation therein.

### ATTORNEY'S FEES

22.     In answer to paragraph 22, Defendant denies each and every allegation therein.

### INTEREST

23.     In answer to paragraph 23, Defendant denies each and every allegation therein.

### REQUESTS FOR DISCLOSURE

24.     In answer to paragraph 24, Defendant admits that Plaintiff has requested disclosures pursuant to Texas Rule of Civil Procedure 194, but alleges that the request is not applicable as this action was removed to the U.S. District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1441(b), on October 31, 2016.

## II. FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Defendant denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, interest, attorneys' fees, costs or to any relief whatsoever, and states as follows:

### First Affirmative Defense –Estoppel

1.     Ascendium's claims are barred by the doctrine of estoppel.

### Second Affirmative Defense – Unclean Hands

2.     The relief sought by Ascendium is barred under the doctrine of unclean hands.

### Third Affirmative Defense – Laches

3.     Ascendium, because of its conduct, is barred from any recovery under the doctrine of laches

### Fourth Affirmative Defense - Failure to State a Cause of Action

4.     The Petition fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense – Waiver

DEFENDANT ONE JET, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL AND COUNTERCLAIM

5.      Ascendium has waived any claims it now alleges against One Jet.

**Sixth Affirmative Defense - Failure to Mitigate Damages**

6.      Ascendium has failed to reasonably mitigate its alleged damages, if any.

**Seventh Affirmative Defense – Plaintiff's Consent/Ratification**

7.      If any conduct alleged in the Petition actually occurred, it occurred with Ascendium's consent, acquiescence and/or ratification.

**Eighth Affirmative Defense – Plaintiff's Negligence**

8.      If Ascendium suffered any injury or damage as alleged in the Petition, such injury or damage was caused, in whole or in part, by the carelessness and negligence of Ascendium or its agents and Ascendium should therefore recover nothing from One Jet, or any recovery otherwise due from One Jet should be reduced to reflect the percentage to which the fault and negligence of Ascendium or its agents caused and contributed to the injuries or damages claimed to have been suffered.

**Ninth Affirmative Defense - Failure to State a Claim for Attorney Fees**

9.      Ascendium has failed to state facts or allege a claim sufficient for an award of attorneys' fees.

**Tenth Affirmative Defense - Statute of Limitations**

10.      Ascendium has failed to abide by the statutes of limitation applicable to its Petition.

**Eleventh Affirmative Defense - Uncertainty**

11.      Ascendium's claims, if any, against One Jet are uncertain, ambiguous and unintelligible.

**Twelfth Affirmative Defense – Performance**

12.      One Jet's obligations, if any, to Ascendium have been fully performed.

**Thirteenth Affirmative Defense – Offset**

13.      One Jet is entitled to offsets in an amount to be ascertained upon proof at time of trial, which diminish or defeat any claim by Ascendium.

DEFENDANT ONE JET, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL AND COUNTERCLAIM

**Fourteenth Affirmative Defense – Unjust Enrichment**

14. Ascendium would be unjustly enriched if allowed to recover on the Petition.

**Fifteenth Affirmative Defense – Excuse of Non-Performance**

15. One Jet's performances were excused as a result of Ascendium's pre-existing breach or failure to perform its obligations.

**Sixteenth Affirmative Defense – Failure of Conditions Precedent**

16. One Jet's performances were excused due to the failure of conditions precedent to its obligation to perform.

**Seventeenth Affirmative Defense – Justification**

17. One Jet's alleged conduct was justified, as a result of Ascendium's breach, or failure to perform the conditions, of agreements and/or contracts, if any, between it and One Jet.

**Eighteenth Affirmative Defense – Accord and Satisfaction**

18. One Jet's obligations to Ascendium, if any, were excused as a result of an accord and satisfaction.

**Nineteenth Affirmative Defense – Lack of Notice**

19. Ascendium failed to give notice of its claims to One Jet as required by law.

**Twentieth Affirmative Defense – Causation**

20. The Petition fails to show that any alleged acts or omissions of One Jet caused the injuries or damages, if any, claimed by Innovative Automation.

**Twenty-First Affirmative Defense – Prevention of Performance**

21. Ascendium's actions prevented One Jet's required performance, if any.

**Twenty-Second Affirmative Defense – Choice of Law**

22. One Jet expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

DEFENDANT ONE JET, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL AND COUNTERCLAIM

**ADDITIONAL DEFENSES**

23.     Defendant reserves the right to raise additional affirmative defenses based on information learned or obtained during discovery prior to or at the time of trial.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of its Petition;

2.     That the Petition, and each and every purported claim for relief therein, be dismissed with prejudice;

3.     That Defendant be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4.     For such other and further relief as the Court deems just and proper.

**III. COUNTERCLAIM**

Defendant and Counterclaimant ONE JET, INC. f/k/a PRIMAIR, INC. (hereinafter "One Jet" or "Counterclaimant") for its counterclaim against Plaintiff and Counterdefendant TRACY GRIFFITH CONSULTING LLC d/b/a ASCENDIUM GROUP (hereinafter "Ascendium" or "Counterdefendant") alleges as follows:

**INTRODUCTION**

1.     Counterclaimant brings this action for breach of contract against Ascendium under Texas State Law.

2.     One Jet and Ascendium were parties to a written agreement (the "Agreement") drafted by Ascendium regarding its provision of consulting services, namely central call center services, for One Jet's business.

3.     Ascendium breached the Agreement by failing to provide the level of services required by the Agreement as it failed to provide adequate central call center services due to its negligence, insufficient staffing and lack of resources to meet the needs of One Jet's business, thus causing One Jet a substantial loss of business and potential revenue.

4.     As a result of Ascendium's breaches, One Jet's business was significantly damaged due to Ascendium's failure to provide the level of services necessary to meet the needs

of its business, as required under the Agreement.  As a result, One Jet has suffered monetary damages as well as harm to its business reputation.  One Jet seeks recovery from Ascendium for all of these damages.

## THE PARTIES

5.      One Jet is a California corporation with its principal place of business at 245 First Street, Suite 1800, Cambridge, Massachusetts 02142.

6.      Upon information and belief, Tracy Griffith Consulting LLC d/b/a Ascendium Group is a limited liability company organized and existing under the law of the State of Texas, with its principal place of business at 3913 Treemont Circle, Colleyville, Texas 76034. Upon information and belief, the sole member of the company is Tracy Griffith, a resident of the State of Texas.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between Counterclaimant One Jet (a California corporation), and Counterdefendant Ascendium (a Texas limited liability company with its sole member being a resident of the State of Texas).

8.      This Court has personal jurisdiction over Ascendium by virtue, *inter alia*, of Ascendium having elected to file its Petition in Dallas County, Texas, which is located within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim herein occurred in this District.

## GENERAL ALLEGATIONS

10.      On or around October 2, 2014, One Jet Tower entered into an Agreement with Ascendium regarding the provision of airline consulting services for One Jet's business.

DEFENDANT ONE JET, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL AND COUNTERCLAIM

Pursuant to the Agreement, Ascendium was to provide central call center services for One Jet's business, and One Jet was to pay Ascendium a monthly fee for its services.

11.     Beginning around January 2016, and continuing throughout July 2016, Ascendium failed to perform its obligations under the terms of the Agreement.  Ascendium breached the Agreement by, among other things, missing a substantial number of calls, failing to provide sufficient staffing and resources to field the calls for One Jet's business, and failing to provide the overall level of service required by the Agreement.

12.     During the time when Ascenidum was failing to provide adequate central call center services, One Jet repeatedly notified Ascenidum of the problems with the significant number of missed calls, poor services, performance issues, and other breaches of the Agreement, and requested that Ascendium cure its breaches and perform its obligations under the Agreement.

13.     However, Ascendium did not cure its breaches.  Ascendium's performance issues and failure to provide the requisite level of services under the Agreement continued through July 2016, and throughout that time, One Jet's business continued to suffer harm due to Ascendium's breaches.

**CAUSE OF ACTION**
**(Breach of Contract)**

14.     Counterclaimant realleges and incorporates by reference each of the allegations on paragraphs 1 through 13 of its Counterclaim.

15.     The Agreement was a binding contract among its parties.

16.     Counterclaimant performed all conditions, covenants, and promises required by it in accordance with the Agreement.

17.     Ascendium breached the Agreement by, among other things, failing to provide adequate central call center services, failing to field a substantial number of calls, failing to provide sufficient staff or resources to meets the needs to One Jet's business, and/or performing the services required by the Agreement negligently, thus causing One Jet a substantial loss of business and potential revenue.

9

18.   As a direct and proximate result of Ascendium's breaches of the Agreement, Counterclaimant has suffered damages in excess of $272,750.

## IV.  PRAYER FOR RELIEF ON COUNTERCLAIM

WHEREFORE, One Jet prays that this Court:

1.   Enter judgment in favor of One Jet and against Ascendium on each of the claims set forth in Plaintiff's Petition;

2.   Dismiss Plaintiff's Petition with prejudice;

3.   Award One Jet damages for its claim of breach of contract against Ascendium;

4.   Award One Jet costs of suit incurred herein, attorneys' fees, and pre-judgment and post-judgment interest; and

5.   Grant One Jet such other and further legal and equitable relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  November 7, 2016                    SERGI & ASSOCIATES, P.C.


                                            By:___/s/ David Sergi_____

                                            DAVID SERGI
                                            Attorneys for Defendant One Jet, Inc.

DEFENDANT ONE JET, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL AND COUNTERCLAIM

1

## **CERTIFICATE OF SERVICE**

2

3

     I certify that a true and correct copy of the foregoing was served by U.S. mail on

4

counsel of record on this 7th day of November 2016:

5

6

        Calli Turner, Esq.

7

        Gardere Wynne Sewell

        1601 Elm Street,

8

         Suite 3000

9

        Dallas, TX 75201

        (972) 701-7000

10

        *Attorneys for Plaintiff Tracy Griffith Consulting LLC*

11

12

               _/s/ David Sergi_____

13

               DAVID SERGI

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ONE JET, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL AND COUNTERCLAIM

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared MATT MAGUIRE, who after being by me duly sworn, deposed as follows:

"My name is MATT MAGUIRE.  I am at least 18 years of age and of sound mind.  I am personally acquainted with the facts alleged in the foregoing Defendant One Jet, Inc.'s Original Answer and Verified Denial and Counterclaim, which are true and correct.  The allegations contained in paragraphs 18-20 of Plaintiff's Original Petition, alleging a sworn account, are specifically denied as the alleged debt is not just, true or due."

_____
MATT MAGUIRE

**SUBSCRIBED AND SWORN TO BEFORE ME** on _November 7th_____, by

_M.H Maguire_____.

_____
Notary Public, State of New York